IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.                   4:07CR00249-01-WRW

MICHAEL JAMES BLUM

### AMENDED JUDGMENT & COMMITMENT

The Judgment & Commitment entered on the docket July 30, 2009, is amended, on page 4, to reflect changes on the Additional Standard Conditions of Supervision:

> Paragraphs #17 and #20 have been amended and due to a clerical error, the paragraphs have been renumbered. The Amended Additional Standard Conditions of Supervision page is attached.

The remaining portions of the Judgment & Commitment will remain in full force and effect.

IT IS SO ORDERED this 6th day of August, 2009.

                                          /s/ Wm. R.Wilson,Jr.
                                   UNITED STATES DISTRICT JUDGE

amendedJ&C.Blum.wpd

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
         Sheet 3B — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:      **MICHAEL JAMES BLUM**
CASE NUMBER:    **4:07CR00249-01-WRW**

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14) The defendant shall disclose financial information upon request of the U. S. Probation office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which the defendant is associated.

15) The defendant shall participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, under the guidance and supervision of the U. S. Probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions. Further, the defendant shall contribute to the costs of such treatment and/or polygraph based on his ability to pay.

16) The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer. Registration shall occur within 72 hours of non-imprisonment sentencing or release from imprisonment.

17) The probation officer will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, and DNA collection.

18) The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

19) The defendant shall not possess or use a computer or device (whether or not equipped with a modem or access to the Internet) at any location (including employment) without the written approval from the U.S. Probation Officer. This includes access through any Internet service provider, bulletin board system, gaming system, or any public or private computer network system. It includes those that have public access including a public library.

20) The defendant shall not contact the victim(s), by any means, including in person, by mail or electronic means, by telephone, or via third parties. Further, the defendant shall remain at least 100 yards from the victim(s) at all times. If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the probation officer.

21) The defendant shall not call any sexually explicit telephone services and shall submit copies of telephone bills to the probation officer upon request.

22) The defendant shall not use any computer or device (whether or not equipped with a modem or access to the Internet) at any location without first receiving permission from the probation officer. This includes access through any Internet service provider, bulletin board system, gaming system, online social networking activities, or any public or private computer network system.

23) The defendant shall participate in a computer and Internet monitoring program by the probation office and shall abide by all rules and requirements of the program.

24) The defendant shall not purchase, possess, or use a cell phone or telephone, gaming system, or unapproved computer system with active Internet service without the permission of the probation office.

25) Unless otherwise indicated in the sex offender treatment plan, the defendant shall abstain from the use of alcohol and submit to testing.

26) Unless otherwise indicated in the sex offender treatment plan, the defendant shall refrain from purchasing, possessing, or using any sexually stimulating or sexually oriented materials including, but not limited to, written, audio and visual depictions, such as pornographic books, magazines, photographs, films, videos, DVD's, computer programs, or any other media for portrayal of the same. The includes materials containing "sexually explicit conduct" as defined at 18 U.S.C. § 2256(a).

27) The defendant shall not date or befriend anyone who has children under the age of 18, unless approved in advance by the U.S. Probation Officer.

28) The defendant shall not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage.