**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

**v.**                                   **4:07CR00249-01-BRW**

**MICHAEL JAMES BLUM**                                    **PETITIONER**

## ORDER

Pending is Petitioner Michael Blum's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 65). The Government has responded.[1] For the reasons explained below, the Motion is DENIED.

**I.      BACKGROUND**

On March 13, 2009, a jury found Petitioner guilty of production of child pornography (Count 2—Rachael), receipt of child pornography (Count 3), and possession of child pornography (Count 4).[2] He was found not guilty of production of child pornography (Count 1—Jessica) and enticement of a minor (Count 6—Brittany).[3] On July 29, 2009, I sentenced Petitioner to 188 months imprisonment on Counts 2 and 3, to run concurrently to 120 months imprisonment on Count 4; 15 years supervised release; and a $300 special assessment.[4]

Petitioner appealed the judgment as to Count 2, and the Eighth Circuit Court of Appeals affirmed in an opinion dated December 15, 2010.[5]

---

[1]Doc. No. 73.

[2]Doc. No. 41.

[3]During trial, Petitioner's motion for judgment of acquittal was granted as to Count 5.

[4]Doc. No. 47.

[5]Doc. No. 62.

II.     **DISCUSSION**

Under 28 U.S.C. § 2255, a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or law of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.[6]

Here, Petitioner asserts the following four grounds for relief: (1) his conviction was obtained using improperly obtained statements; (2) his conviction was obtained by a violation of his right to confront witnesses; (3) his conviction was obtained by a violation of his right to a fair and impartial jury; and (4) he was denied effective assistance of counsel.

A.      **Procedurally Defaulted Claims**

In his appeal, Petitioner challenged only the sufficiency of the evidence as to Count 2, asserting that the Government failed to produce sufficient evidence that he caused Rachael to produce the sexually explicit images.  It is well established that claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion.[7]  Therefore, Petitioner's claims regarding custodial statements, confronting witnesses, and the fairness and impartiality of the jury are procedurally defaulted.

In order to overcome a procedural default, Petitioner must show "either cause and actual prejudice, or that he is actually innocent."[8]  Petitioner does not argue cause or prejudice for his procedural default, nor does he allege any facts to support a claim of actual innocence.

---

[6]*Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007).

[7]*United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010); *Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).

[8]*Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Claims for ineffective assistance of counsel, on the other hand, are a recognized exception to the rule of procedural default.[9]  Accordingly, claims (1), (2), and (3) will be considered only to the extent that they involve ineffective assistance of counsel.

**B.      Ineffective Assistance of Counsel**

**1.        Standard**

To prevail on an ineffective assistance of counsel claim, Petitioner must satisfy the test set forth in *Strickland v. Washington*[10] by establishing "both that his counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance prejudiced his defense."[11]  To show that his counsel's performance was deficient, Petitioner must "overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."[12]

If deficient performance is proven, Petitioner must then establish prejudice by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13]

If Petitioner fails to establish either part of the above test (deficient performance or prejudice), I need not consider the remaining part of the test.[14]

---

[9]See *Massaro v. United States*, 538 U.S. 500 (2003).

[10]466 U.S. 668 (1984).

[11]*United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005).

[12]*Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) (citing *Strickland*, 466 U.S. at 689).

[13]*Id.* (quoting *Strickland*, 466 U.S. at 694).

[14]*Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

## 2.    Ineffective Assistance Claims Generally

First, I note that Petitioner was given an opportunity at his sentencing to express any dissatisfaction with his attorney.  When I asked him if he was satisfied with his lawyer, he responded that he was.[15]

Now, Petitioner recites a list of 15 errors he claims his attorney made during trial.  These claims fall within the following categories: (1) failure to properly communicate with Petitioner; (2) failure to investigate or engage in discovery; (3) failure to move to suppress Petitioner's custodial statements; (4) failure to object; (5) failure to strike a juror; and (6) failure to introduce evidence.

As an initial matter, Petitioner's claims of ineffective assistance regarding alleged victim Jessica[16] are denied because he was acquitted of the charge relating to her.

## 3.    Failure to Properly Communicate with Petitioner

Petitioner first contends that trial counsel was ineffective for failing to properly communicate with him before trial regarding potential defenses, strategies, and choices.  To satisfy his duty to communicate with the defendant, trial counsel must "consult with the defendant on important decisions" and "keep the defendant informed of important developments in the course of the prosecution."[17]  In this case, Petitioner states that he met with counsel a week before trial and was told that the trial might be postponed, so there was "no point in discussing

---

[15]Doc. No. 53, p. 4.

[16]Specifically, Petitioner contends that counsel (1) breached his duty to investigate by failing to familiarize himself with Jessica's statements that could have been used for impeachment and (2) failed to impeach Jessica with prior inconsistent statements.

[17]*Strickland*, 466 U.S. at 688.

any defense" as there would be plenty of time for that.  Petitioner also implies that, before trial,

counsel was not as familiar with the facts as Petitioner would like.

Even if counsel was deficient in his communications with Petitioner (and I make no

finding in this regard), Petitioner has not established that the result of the proceeding would have

been different had counsel consulted with him earlier or more often.  Petitioner therefore fails to

show prejudice from any alleged deficiency in communication.

### 4.    Failure to Investigate or Engage in Discovery

Petitioner asserts that trial counsel's assistance was ineffective because counsel did not

independently investigate the facts and the alleged victims, did not investigate Petitioner's alibi,

and did not engage in meaningful discovery with the Government regarding the facts of the case.

While counsel must obtain the necessary facts to make a reasonable strategic choice

against pursuing a certain line of investigation, counsel's "strategic choices made after less than

complete investigation are reasonable precisely to the extent that reasonable professional

judgments support the limitations on investigation."[18]  Where the claim is for failure to

investigate, courts give great deference to counsel's professional judgment.[19]

Petitioner's claim that counsel failed to investigate his alibi is without merit because

counsel specifically addressed Petitioner's alibi at trial.[20]  Counsel asked Petitioner on redirect to

explain his absence from his computer during the time for which he was charged.

---

[18]*Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir. 1993) (quoting *Strickland*, 466 U.S. at 690–91).

[19]*Strickland*, 466 U.S. at 691.

[20]Tr. 356–57.

Petitioner also asserts that counsel failed to engage in meaningful discovery with the Government, which allowed the Government to include hearsay evidence.  The record refutes this claim because counsel clearly objected on the basis of hearsay throughout the trial.[21]

Petitioner claims that, "had counsel taken appropriate steps of an investigation, he would have been aware that Rachael stated to have never chatted with the defendant" and could have used that statement as a defense.  It is unclear what statement Petitioner is referring to, and the burden of proving ineffective assistance of counsel rests with the defendant.[22]  Here, Petitioner has failed to meet his burden.

### 5.    Failure to Move to Suppress Petitioner's Custodial Statements

Next, Petitioner contends that counsel was ineffective for failing to file a motion to suppress his statements to Agent Bonvell.  Petitioner claims that his statements were improperly obtained because Agent Bonvell told him that his commander would be lenient if he was truthful, threatened him with perjury, and told him that there was not enough time to wait for counsel and that the questions were simple and could be answered without counsel.

A defendant's statements are properly used against him if he was given a *Miranda* warning and knowingly and voluntarily waived those rights.[23]  Agent Bonvell testified that Petitioner was properly given his rights[24] before each interview.  Petitioner signed an acknowledgment and waiver of these rights before giving statements.

---

[21]*E.g.*, Tr. 132, 137.

[22]*United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

[23]*United States v. Bell*, 477 F.3d 607, 612 (8th Cir. 2007) (citing *Missouri v. Seibert*, 542 U.S. 600, 608 (2004)).

[24]Because he was in the Air Force at the time of the investigation, Petitioner was given his rights under Article 31 of the Uniform Code of Military Justice.  *See* 10 U.S.C. § 831.

A promise of leniency does not by itself render a confession involuntary "unless it overcomes the defendant's free will and impairs his capacity for self determination."[25]  In making this determination, courts will inquire into the totality of the circumstances in assessing the conduct of law enforcement officials and the suspect's capacity to resist any pressure.[26]

Here, Petitioner does not allege sufficient facts to demonstrate that he did not act with free will in his decision to waive his rights.  Therefore, his counsel's decision not to file a motion to suppress was a reasonable trial strategy.

Furthermore, Petitioner does not establish that there is a reasonable probability that a motion to suppress would have been granted.  Therefore, Petitioner cannot show prejudice from counsel's failure to file a motion to suppress.

### 6.    Failure to Impeach

Petitioner asserts that counsel was ineffective for failing to properly impeach Agent Bonvell.  It is true that Bonvell testified during direct examination that Jessica "was interviewed, I talked to her several times and she provided statements"[27]; on cross examination, in response to questioning about whether he had ever asked Jessica if she had misled Petitioner about her age, Agent Bonvell stated that he "did not specifically interview her" so he did not know what questions had been asked of her.[28]  In light of the testimony as a whole, it appears that Agent Bonvell may simply have misspoken.  In any event, a decision not to emphasize this point does

---

[25]*Smith v. Bowersox*, 311 F.3d 915, 922 (8th Cir. 2002).

[26]*United States v. Kilgore*, 58 F.3d 350, 353 (8th Cir. 1995).

[27]Tr. 128.

[28]Tr. 286.

not rise to the level of ineffective assistance.  At trial, counsel made a reasonable attempt to impeach Agent Bonvell's credibility.

Even if counsel was deficient in impeaching Agent Bonvell, Petitioner has failed to establish a reasonable probability that further impeachment of Agent Bonvell would have changed the outcome of the proceedings.  Therefore, he cannot establish the prejudice necessary to show ineffective assistance of counsel.

### 7.      Failure to Object

Petitioner asserts that counsel was ineffective for failing to object when the prosecutor asked Petitioner "to concede guilt" in participating in online conversations, when Agent Bonvell was "speaking for the defendant," and when the prosecution introduced a copy of Rachael's birth certificate.

Because Petitioner chose to testify, he opened the door to proper cross-examination.[29] Petitioner does not point to specific questions he believes his counsel should have objected to, and his claim on this point is denied.

An attorney does not perform deficiently for failing to object to admissible evidence.[30] Petitioner takes issue with Agent Bonvell's testimony that the Petitioner was "happy" to receive the photographs.  However, Petitioner fails to show deficient performance or prejudice resulting from this testimony.

---

[29]*United States v. Havens*, 446 U.S. 620, 626–27 (1980) ("It is . . . essential to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth. . . . His privilege against self-incrimination does not shield him from proper questioning.").

[30]*Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995).

Finally, Rachael's birth certificate was admissible as a public record.[31]  Even if the

Prosecution did introduce the birth certificate "late in the trial when the defense had no prior

knowledge of it," as Petitioner alleges, there is no reason to believe that Petitioner was

prejudiced as a result.  There is no reason to believe that had the defense had "time to investigate

the validity of the document," it would have helped the defense.

Accordingly, Petitioner's arguments regarding counsel's failure to object all refer to

properly admissible evidence and therefore do not establish deficiency on the part of counsel.

### 8.      Failure to Strike Juror

Petitioner claims that counsel was ineffective for ignoring his request to strike a jury

member who worked in the District Attorney's office.  Petitioner contends that a conflict of

interest existed because this jury member "worked in the District Attorney's office who was

prosecuting the defendant."  Petitioner is mistaken because the District Attorney's office was not

prosecuting his case.

Even if counsel erred if failing to strike the juror, Petitioner has failed to meet the

prejudice prong of the *Strickland* test.  A showing of implied bias is not sufficient to establish

prejudice resulting from a biased juror; Petitioner must demonstrate actual bias.[32]  Petitioner

alleges no actual bias—only his mistaken assertion that the juror worked in the office that was

prosecuting him.  Petitioner has therefore failed to demonstrate prejudice.

### 9.      Failure to Introduce Evidence

Finally, Petitioner contends that counsel failed to "show to the court" a photo from

Rachael that shows her holding a sign indicating that the picture was taken for someone other

---

[31]Fed. R. Evid. 803(9).

[32]*Geoders v. Hundley*, 59 F.3d 73, 75–76 (8th Cir. 1995).

9

than Petitioner.  Petitioner argues that the sign in the picture reading "Coles is such a hottie" indicates that Petitioner did not entice Rachael to take the picture.  Trial counsel's reasonable decision not to introduce or focus on certain evidence is a matter of deliberate trial strategy.[33]  As a matter of trial strategy,[34] counsel's decision not to focus on the photo was not unreasonable because the record reveals that the chats surrounding this photo may have harmed, rather than benefitted, Petitioner's defense.

Furthermore, this photo was one of many sent by Rachael to Petitioner at his request. Since the jury was only required to find that Petitioner enticed one of these photos, Petitioner has not established that the result of the proceedings would have been different if counsel had focused on this particular photo.

## CONCLUSION

In sum, Petitioner has not overcome the strong presumption of reasonableness generally afforded to counsel's conduct.  Furthermore, he has failed to establish that, but for counsel's alleged deficiencies, the result of the proceedings would likely have been different.

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED this 5th day of August, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[33]*McCoy v. Lockhart*, 980 F.2d 1162 (8th Cir. 1992).

[34]*Forsyth v. Ault*, 537 F.3d 887, 892 (8th Cir. 2008) (unless based on deficient investigation, trial counsel's strategic decisions are "virtually unchallengeable").