**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                              **4:07-CR-00249-BRW**

**MICHAEL JAMES BLUM**

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 120) is DENIED.

**I.    BACKGROUND**

On March 13, 2009, a jury found Defendant guilty of production, receipt, and possession of child pornography.[1]  He was sentenced to 188 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Defendant asks for compassionate release based on his chronic heart disease.  First, his health conditions are not severe enough to be "extraordinary and compelling." Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which

---

[1] Doc. No. 41.

[2] Doc. No. 47.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

does set out examples.[4]  His health conditions are not listed.  Furthermore, Defendant presented neither argument nor medical records to establish that his medical conditions cannot be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[5]  Third, Defendant is 41 years old, which means he does not meet the minimum age requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, a sentence reflecting the severity of the offense.

Between March and November of 2005, Defendant engaged in a series of online "chats" with Rachael, a thirteen-year-old girl.  He repeatedly asked Rachael to take pictures of herself, both clothed and nude, and made sexually explicit comments to her.  On May 3, 2005, Rachael told Defendant that she had taken them and she sent him numerous pictures depicting her engaged in sexually explicit conduct, as defined by federal law.  During 2005 and 2006, Defendant was involved in similar online activities with two other minor girls.

---

[4]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[5]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 120) is DENIED.

IT IS SO ORDERED, this 14th day of July, 2020.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE
